IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>GATES, SHIELDS & FERGUSON, PA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 14-cv-2392-EFM-GLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

The Court here considers two motions: Defendant's Motion for Leave to File Amended Pleading, Including Counterclaims, Third-Party Claims and Punitive Damages (ECF 32); and Plaintiffs' Motion for Protective Order (ECF 44). For the following reasons the Court grants in part and denies in part the Defendant's motion. It denies the motion for protective order as moot.

**I. Defendant's Motion for Leave to File Amended Pleading, Including Counterclaims, Third-Party Claims and Punitive Damages (ECF 32).**

With its motion for leave to file an amended pleading, Defendant invokes Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1. It has appended to its motion its proposed amended pleading, consisting of 32 pages and 134 numbered paragraphs. It thereby seeks to allege additional counterclaims and third-party claims, entitled as follows: Count VI Breach of Contract; Count VII Tortious Interference; Count VIII Fraud; Count IX Fraud-Promise of Future Events; Count X Fraud-Fraudulent Misrepresentation; Count XI Punitive Damages. The proposed amended pleading would also add John Fuchs and Jill Earley as third party defendants against each of

these counts.  The briefing describes Mr. Fuchs and Ms. Earley as employees of Plaintiffs and that they engaged in the activity alleged in these additional counts.

Plaintiffs oppose the motion in its entirety.  They contend that the additional claims would be futile, primarily for failure of the proposed amended pleading to allege sufficient facts to support them.  More specifically Plaintiffs argue the absence of any pleaded facts that Mr. Fuchs or Ms. Earley were parties to any contract with Defendant or that they committed any fraudulent or otherwise tortious conduct.  Plaintiffs further suggest that the relevant contract between State Farm and Defendant precludes or limits claims for damages, such as Defendant proposes.

Numerous cases—from the United States Supreme Court, the Tenth Circuit Court of Appeals, the Supreme Court of Kansas, and the District of Kansas—have addressed the question of adequacy and inadequacy of pleadings: A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is <u>plausible on its face</u>."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted; underscoring added).  This principle of pleading holds true for a counterclaim and third-party claim, as well as for a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.*  The question is whether the allegations actually entitled to the assumption of truth "plausibly support a legal claim for relief."  *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007).  A party who provides only "conclusory allegations without supporting factual averments" has failed to discharge his burden.  *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

With these principles as guidance, the Court will address the several counterclaims and third-party claims proposed by the instant motion, first Count VI Breach of Contract.  The Court will grant the motion for leave to assert against Plaintiffs State Farm the counterclaim for breach of contract.  The facts alleged in the proposed pleading indicate the relevant contract to be the one asserted by Plaintiffs as Exhibit A to their Complaint for Declaratory Judgment (ECF 1).  The Court finds nothing of consequence to deny the addition of this counterclaim.  Quoting provisions of the contract that arguably may bar or limit Defendant from obtaining the damages it seeks, Plaintiffs oppose the claim for damages.  Upon the instant motion for amendment of a pleading, however, the Court declines to determine whatever the contract may provide to limit or bar the requested damages.  If appropriate, the parties can better address that issue by a subsequent, dispositive motion.

The Court overrules the motion with respect to the proposed third-party claim against John Fuchs and Jill Earley.  Notwithstanding the numerous assertions by Defendant that its amended pleading states a claim for breach of contract against these two individuals, the Court finds no adequate, proposed pleading to that effect.  To state a claim for breach of contract in Kansas, a party must plead "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach."  *Stechschulte v. Jennings*, 298 P. 3d 1083, 1098 (Kan. 2013).

In this instance the proposed Count VI Breach of Contract, after incorporating 96 preceding paragraphs, adds the following:  "98.  A contract existed between the parties," that it was amended, that "Sufficient consideration existed to support the Contract and all amendments

3

by the parties," that Defendant "was willing to perform" it, that "102. State Farm, Fuchs and Earley breached the Contract," and that Defendant "sustained damages as a result of the Breach." The Court cannot find that this proposed claim asserts a breach of any contract aside the one asserted by Plaintiffs as Exhibit A in their complaint. Paragraph 18 of the proposed amended pleading itself refers to that contract. Neither Mr. Fuchs nor Ms. Earley is a party to it. The proposed amended pleading, moreover, contains virtually no facts to support a contention that either of them either initially was or later became a party to, or as a principal, breached any contract. Except for identifying them in paragraphs 6 and 7 as members of the management of State Farm, the amended pleading says virtually nothing about them for the next 95 paragraphs. Paragraph 102, part of the claim for breach of contract, then states, "102. State Farm, Fuchs and Earley breached the Contract."

In its reply memorandum (ECF 47) Defendant addresses the subject as follows:

> "Plaintiffs' complain that Defendant has failed to specifically identify any contract which it contends existed between the parties. To the contrary, it is clear from the specific factual allegations that there are two contracts referred to in the Defendant's First Amended Pleading. The first contract is the "Agreement" which is attached to Plaintiffs' Complaint. State Farm, through its agents, including Fuchs and Earley, clearly breached this Agreement and contract between the parties. Discovery will reveal whether or not Fuchs and Earley were acting in their individual or representative capacities when they breached the Agreement. This agreement was amended from time to time by the Course of the Conduct of the parties, by the unilateral amendments issued by State Farm and by the selective enforcement of various provisions. However, an additional agreement and contract existed between the parties when the contract was amended and/or a new agreement was created on April 26, 2013, when State Farm, Fuchs and Earley committed to the promise that GSF would continue to handle the subrogation files currently in its inventory to conclusion. This agreement between the parties was confirmed in writing on May 3, 2013, when Fuchs wrote, either individually or on behalf of his employer, that the parties "agreed that [GSF] would continue to handle the subrogation files currently in its inventory to conclusion." *See* Exhibit 1, attached hereto and incorporated herein by reference. *See also,* Proposed First

> Amended Pleading at para. 23, 25, 99.  This is a binding promise which was subsequently breached.  Discovery will reveal whether or not Fuchs and Earley were acting in their individual or representative capacities when they breached this subsequent Agreement.  Defendant's breach of contract claim is based upon various alleged breaches, all set forth in the First Amended Pleading at paras. 24, 27, 28, 29, 30, 37, 41, 44-52, 80, 102." ECF 47 at p. 9.

So far as the Court can determine, the foregoing text is Defendant's first suggestion that its claim for breach of contract by Fuchs and Earley involves the second of "two contracts," as shown by Exhibit 1 to the memorandum.  The Court has read the nineteen, above-designated paragraphs of the proposed First Amended Pleading, to which the memorandum thus refers.  But it finds virtually nothing in their content to adequately support a claim for breach of contract by Fuchs or Earley.

The Court has also read Exhibit 1 of the memorandum.  That exhibit is a letter dated May 3, 2013, from John Fuchs as Team Manager State Farm Subrogation Services to Mark Ferguson of Gates, Shield & Ferguson, P.A.  The letter reports an agreement between State Farm and Defendant.  But the Court finds nothing in its content to support any reasonable inference that "an additional agreement and contract" was thereby created or intended, to which Mr. Fuchs, in addition to or instead of State Farm, would be a principal.  Much less that Ms. Earley, copied on the letter, would now become a principal to a second contract.

Defendant has not addressed an obvious question that arises from its argument.  If indeed its allegation of breach of contract refers to a second contract, to which Fuchs and Earley are parties, why does its proposed Count VI Breach of Contract not designate the letter as a contract? As already noted, the Court finds in that Count an allegation that Plaintiffs breached a contract, Exhibit A to the Complaint, but nothing more than that.

For the reasons stated in the response (ECF 40) of Plaintiffs and the law that Defendant itself has cited in its reply memorandum (ECF 47), the Court also denies the motion with regard to the proposed counterclaims and third-party claims for tortious interference and fraud.  The proposed amended pleading contains numerous allegations of misconduct by Plaintiffs State Farm.  Counts VII through X for tortious Interference and fraud then proceed by incorporating all preceding paragraphs of the pleading.  Even with the incorporated paragraphs, however, none of these counts contain adequate, supporting factual allegations.  They do not allege what specific conduct constitutes these torts or the dates or places of their occurrence.  The allegations are virtually threadbare of anything specific that either Fuchs or Earley or any other person did or failed to do.  In total they provide only general conclusions of misconduct by State Farm and its management.  The Court finds them to be only conclusory allegations without supporting factual averments and thus falling short of the pleading requirements set forth by *Iqbal* and *Hall, supra.*

The Court also denies the motion to amend to add a proposed Count XI Punitive Damages.  That amendment would simply incorporate the preceding 126 paragraphs of the proposed pleading, label the alleged misconduct as wilful, wanton, and intentional, and add an *ad damnum* clause for punitive damages against Plaintiffs, Fuchs and Earley.  Count XI thus appears as a stand-alone claim for punitive damages, allegedly arising out of everything alleged in all the preceding ten counts.  At best, as a separate count it is both unnecessary, confusing, and inadequate.  To seek punitive damages, the proper pleading would simply request that as part of the ad damnum clause to an adequately-pleaded claim for damages, usually based either on tort, statutory or constitutional grounds.  As proposed by Count XI, the claim for punitive damages would apply to all of Counts I through X, which seek declaratory relief, equitable relief, and

actual damages for breach of contract, as well as for torts. Defendant has not suggested, and the Court does not otherwise find, that punitive damages are appropriate to the claims for declaratory or equitable relief or for breach of conract.

In ruling on the motion to amend, the Court has not only reviewed the memoranda of the parties, but also Defendant's Statement of Supporting Facts and Exhibits (ECF 34). It consists of 34 pages. Defendant filed it under seal, ostensibly because it describes confidential information produced by the parties. The Court considers it as an additional memorandum in support of the motion. It exceeds the authorized limit of 30 pages. See D. Kan. Rule 7.1(e). Page excesses aside, the Court finds nothing in it to save the motion to amend. The motion to amend addresses the adequacy of a proposed pleading to state a claim or claims, not the adequacy of evidence to ultimately prove them. Notwithstanding its proposed justification for the added amendments, Defendant has not adequately stated the claims in the pleading itself. Nor does the Court, in ruling on the motion, find it appropriate to enter upon a fishing expedition to cull from Defendant's Statement of Supporting Facts and Exhibits those facts, if any, that might support a claim if it were properly pleaded.

**II. Plaintiffs' Motion for Protective Order (ECF 44).**

Plaintiffs' Motion for Protective Order (ECF 44) asks the Court to enter a protective order to stay the deposition of John Fuchs until after the Court has ruled on the motion of defendant to amend its counterclaim and add Mr. Fuchs as a third-party defendant. With this Memorandum and Order the Court has ruled on the motion to amend. Accordingly, it finds and holds the motion for protective order to be moot.

### III. Conclusion.

In summary, the Court grants in part and denies in part Defendant's Motion for Leave to File Amended Pleading, Including Counterclaims and Punitive Damages (ECF 32).  As authorized by Fed. R. Civ. P. 15(a)(2), the Court sustains the motion to amend the counterclaim to include the proposed Count VI Breach of Contract.  Defendant may retain Paragraph 102 of the counterclaim, which states that "State Farm, Fuchs and Earley breached the Contract."  Or it may modify it simply to state that "State Farm breached the Contract."  If it retains the specific designations of Fuchs and Earley, the Court will treat the pleading as simply designating them as the specific employees who allegedly created the breach thus attributed to Plaintiffs State Farm.  It will not consider the pleading to designate them as parties*.*  For all the reasons thus stated, the amended counterclaim shall also modify Paragraph (7) of the ad damnum clause to delete the designation of the individuals and simply read, "(7) Find that State Farm is liable for all damages as a result of the breach."

The amended pleading of Defendant shall also delete from its caption the designation of John Fuchs and Jill Earley as Third Party Defendants.  It shall amend its caption to "First Amended Counterclaim(s)" and thus delete the designation of "Third Party Claims."  It shall also delete from its introductory paragraph the second sentence, which reads, "GSF also asserts Third Party Claims against separate and individual Defendants John Fuchs and Jill Earley."  Within fourteen days of the date of this Memorandum and Order Defendant may thus filed its proposed First Amended Counterclaim*,* consistent with the rulings in this Memorandum Order.

For the reasons stated, the Court thus grants in part and denies in part Defendant's Motin for Leave to File Amended Pleading, Including Counterclaims and Punitive Damages (ECF 32).

It also finds and holds Plaintiffs' Motion for Protective Order (ECF 44) to be moot.

IT IS SO ORDERED.

Dated at Kansas City, Kansas, this 9th day of April, 2015.

                                            S/Gerald L. Rushfelt
                                            GERALD L. RUSHFELT
                                            UNITED STATES MAGISTRATE JUDGE