# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) )  ) |
| **and** | ) ) |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) ) ) |
| Plaintiffs, | ) ) ) CASE NO. 2:14-cv-02392-EFM-GLR |
| v. | ) ) ) ) |
| **GATES, SHIELDS & FERGUSON, P.A.,** | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

The Court has for consideration Plaintiffs' Motion to Enforce Discovery and for Additional Time (ECF 57). Invoking Fed. R. Civ. P. 37, Plaintiffs seek an order to require Defendant to produce the following:

> "11.  Any communication to or from any attorney disciplinary office, authority or body which refers or relates to any disciplinary matter (i) against an attorney presently or formerly affiliated with defendant and (ii) in which any allegation relates to handling of any subrogation matter for or on behalf of either plaintiff.  This includes all attachments and enclosures received from or sent to any such office, authority or body."  (ECF 57 at 1.)

Plaintiffs contend that the requested document(s) are "relevant to [plaintiffs'] . . . defense".  (Id.)

For the following reasons the Court denies the motion.

1

Plaintiffs filed this case to obtain a declaratory judgment that their written contract with the defendant law firm has terminated. The contract is for its legal services in pursuing subrogation claims. Plaintiffs have declared it terminated by applying its own written terms. Plaintiffs asserted the termination, after learning that Magistrate Judge Humphreys of this Court had found misconduct on the part of Attorney Mark Ferguson in his pursuit of one of their subrogation claims.[1] Accordingly, Judge Humphreys ordered a copy of her opinion to be forwarded to the Disciplinary Administrator for the State of Kansas. Mr. Ferguson has been the principal attorney on behalf of the Defendant law firm in representing the plaintiffs, pursuant to their contract.

The briefing in this case indicates that the Disciplinary Administrator indeed took appropriate action with regard to the complaint against Mr. Ferguson. This included a diversity agreement between Defendant Gates, Shields & Ferguson, P.A. (GSF) and the Deputy Disciplinary Administrator for Kansas.

In support of their motion Plaintiffs invoke Kansas Supreme Court Rule 222, governing the confidentiality of records of disciplinary proceedings. They specifically refer to Subsection (b):

> "(b) Complainant and Respondent. This rule does not prohibit the complainant or respondent from disclosing the existence of a complaint or from disclosing any documents or correspondence filed by, served on or provided to that person."

Defendant Gates, Shields & Ferguson argues, to the contrary, that it is neither the complainant nor the respondent in the disciplinary proceeding and that, consequently, the rule

---

[1] *Lloyd T. Schneider v. CLAAS of America, Inc.*, Case NO. 12-2235-JAR (ECF 59)

does not apply. It further suggests that the confidentiality of that proceeding otherwise outweighs any merit for the requested discovery.

Reviewing the briefing, the Court notes the "Golden Rule Letter" of February 20, 2015, from Attorney Ferguson to counsel for Plaintiffs. (ECF 58-3) The letter describes the disciplinary proceedings, involving Mr. Ferguson:

> ". . . Without waiving the objection or further disclosing the nature of the confidential proceedings, GSF indicates that a Diversion Agreement was entered into between GSF and the Deputy Disciplinary Administrator for the Kansas Office of the Disciplinary Administrator. It is specifically contemplated by the language and intent of the Diversion Agreement that the preceding (sic) is related thereto are to be confidential in nature. I can also represent that I made an effort to negotiate the removal of the confidentially (sic) provision from the Diversion Agreement, without success; this effort was rejected by the Office of Disciplinary Administrator. . . ." (Id.)

Subject to Fed. Rules of Civ. P. 26 et seq, the instant motion addresses the discretion of the Court. Notwithstanding the explanation thus tendered by the letter of February 20, the Court could indeed grant the motion and order production of the requested documents. But the Court also doubts that they would indeed add anything of consequence to the information and documents that Plaintiffs apparently and presumably already have. The Court indeed takes judicial notice of the Memorandum and Order of Judge Humphreys. It describes in detail a number of instances of egregious misconduct on the part of Attorney Ferguson. And apparently they are indeed relevant to the issues in this action. The Court here finds only scant persuasion, moreover, for requiring a production that could unnecessarily affect a diversity agreement. Applying Fed. R. Civ. P. 1, the Court finds that a denial of the motion will better accord with justice. Accordingly, the Court will deny the motion. This denial is without prejudice to any similar motion that could be pursued, once any diversion agreement involving Mr. Ferguson has been fulfilled or otherwise terminated.

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 25th day of June, 2015.

S/Gerald L. Rushfelt
GERALD L. RUSHFELT
 UNITED STATES MAGISTRATE JUDGE
