Case 2:14-cv-02392-EFM-GLR   Document 132   Filed 08/04/15   Page 1 of 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) |
| and | )<br>)<br>) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) CASE NO. 2:14-cv-02392-EFM-GLR |
| v. | )<br>) |
| GATES, SHIELDS & FERGUSON, P.A., | )<br>) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Defendant's Motion to Compel Discovery Responses (ECF 60) seeks an order to require Plaintiffs to answer interrogatories and further respond to requests for production and for admissions. For the reasons stated in this Memorandum and Order the Court sustains the motion in part and denies it in part.

The Court also addresses Plaintiffs' Motion to Strike Defendant's Reply Brief in Support of Defendant's Motion to Compel Discovery Responses and Plaintiffs' Supporting Suggestions (ECF 99). For reasons as stated, the Court denies this motion. But it grants the alternative request not to consider the arguments contained in the reply memorandum.

1

**I. Defendant's Motion to Compel Discovery Responses (ECF 60).**

By its motion to compel Defendant first seeks further responses by Plaintiffs to Interrogatories 1, 2, 6, 7, 8, 9, 13, 20, 21, 22 and 23, directed to Plaintiff State Farm Fire and Casualty Co.  (ECF 61-1) The Court sustains the motion with regard to Interrogatory 1. Plaintiffs assert no objection and instead state that they are serving an amended response.

The Court also sustains the motion with regard to Interrogatory 2.  It asks Plaintiff to provide the status of a specific "State Farm Claim by the name of Kingsley Management International, LLC."  Plaintiff answered, "The matter remains unresolved."  Plaintiff shall complete the answer by stating "the general nature of the claim," as requested.

The Court further sustains the motion with regard to Interrogatory 13.  It asks Plaintiff to "Identify and describe all communications between State Farm and Cozen O'Connor regarding the Willowbrooke Claims (Claim Nos 16-R57-7217 and 16-R57-9344)."  Plaintiff objected that the interrogatory is "an invasion of the attorney-client privilege and the work-product privilege that protects attorney mental impressions."  The Court finds nothing in the response to the motion, however, that supports the assertion of attorney-client privilege or work product.  Nor does it find any privilege log with supporting information to justify a claim of privilege or work product.  That concern aside, Interrogatory 13 asks simply for an identification and description of the communications, not for a verbatim recitation of their content.  Any party should be able to provide the information, as requested, without any violation of privilege or work product.

The Court overrules the motion with regard to Interrogatories 6, 7, 8, 9, 20, 21, 22 and 23.  Plaintiffs have objected to all of them on grounds of irrelevancy.  They seek information about contracts, agreements, relationships with law firms and Legal Services Programs, terminations of contractual relationships, and payments of attorneys fees between Plaintiffs and

2

attorneys other than defendants.  Plaintiffs have objected to these interrogatories on grounds of irrelevancy, i.e. that they are not reasonably calculated to lead to the discovery of admissible evidence, as provided by Fed. R. Civ. P. 26.

The Court has reviewed the briefing of the parties and particularly that of the Defendants to determine what relevancy Interrogatories 6 through 9 and 20 through 23 might have to this case.  It finds none.  This litigation involves a specific contract to which Plaintiffs and Defendant are the parties and which Plaintiffs have terminated, allegedly according to its specific terms.  Defendant has asserted counterclaims to seek damages for its alleged loss of attorneys fees.  It seeks their recovery upon theories of quantum meruit, unjust enrichment, promissory estoppel, breach of contract, and enforcement of attorneys liens.  All of the counterclaims, however, as well as the claim of Plaintiffs, allegedly arise either out of the contract between Plaintiffs and Defendant or from a novation and subsequent loss of attorneys fees, at least some of which are alleged to have been paid to another firm, Wallace and Saunders, instead of Defendant..  The interrogatories in question, however, go far beyond what the pleadings reflect about the legal services provided by Defendant or by Wallace and Saunders.  Defendant has provided no adequate explanation to explain how or why any contractual relationships between Plaintiffs and other non-parties and law firms have any bearing or in any way affect the duties and responsibilities of the parties to this case.  Without such explanation, the Court finds the interrogatories irrelevant.

The motion to compel further asks that Plaintiffs be ordered to further respond to Requests for Production No. 7, 8, 10, 11, 12, 16, 17, 18, 19, 20 and 21.  Plaintiffs objected to all of them on grounds of irrelevancy.  For the reasons already stated the Court sustains the objection, except for Requests 8 and 12.

Request for Production 8 asks for "Internal log notes, emails and evaluations State Farm conducted for each of the cases in the pending Subrogation Inventory which were being handled by GSF on January 8, 2014."  The Court understands "GSF" to refer to the Defendant.  Besides irrelevancy, Plaintiffs also objected to Request 8 on grounds it is "unduly burdensome."  The Court overrules both objections.  Request 8 appears facially relevant to the counterclaims.  They allege that Plaintiffs not only requested Defendant to terminate its performance of their contract, but also entered into another contract with Defendant to complete its handling of pending subrogation claims.  This second contract allegedly included the same terms as the original.  Yet the counterclaims also allege that Defendant is entitled to recover the value of its continued legal services, calculated either by the original contract formula or otherwise by their reasonable value, for the work it actually performed or to which it would otherwise be entitled.  The amount of any damages could thus vary, depending upon whether they be calculated from the written contract provisions or are otherwise determined upon the theories of quantum meruit, promissory estoppel, unjust enrichment, or enforcement of alleged attorneys liens..  Plaintiffs have provided no affidavit or other evidence to support the objection of undue burden for this request.  Accordingly they must produce the documents as requested.

Request for Production 12 asks for "All documents constituting, summarizing, referring to or concerning, in whole or in part State Farm's communication with other persons, firms, organizations or individuals related to the termination of the Agreement with GSF."  Plaintiffs objected on grounds of irrelevancy, but also that the request invades attorney-client privilege and protection for attorney mental impressions.  The Court overrules the objection of irrelevancy.  It finds Request 12 facially relevant, at least to the counterclaims in this case.  Accordingly, Plaintiffs shall produce the requested documents, except for any that may be subject to privilege

4

or protection as work product. As to those that are thus withheld, Plaintiffs may in lieu of production provide a privilege log that complies with Fed. R. Civ. P. 26(5)(A).

As already noted, the Court sustains the objection of irrelevancy as to the other requests for production to which Plaintiffs have objected. Request 7 asks for documents concerning how Plaintiffs select their legal counsel in Kansas and Missouri. Request 8 asks for internal notes and documents relating to State Farm "Subrogation Inventory" being handled by GSF on January 8, 2014. Request 10 asks for a list of all State Farm approved legal counsel and law firms. Request 11 asks for a list of "all State Farm approved legal counsel and all Legal Services Program Law Firms who have ever been terminated." Request 16 asks for "A copy of the Subrogation Services Law Firm Scorecard results for the highest and lowest performing law firms." Request 17 asks for "A copy of all cumulative Legal Services Program (LSP) performance results or reports generated for all law firms in the program." Request 18 asks for "A copy of the results and reports from State Farm's comprehensive review of its internal work practices which include the interactions with Legal Services Program (LSP) law firms." Request 19 asks for "All documents constituting, summarizing, referring to concerning, in whole or in part the results of the LSP Survey from 2012." Request 20 asks for documents regarding "State Farm's consideration of the pursuit of punitive damages by State Farm, the insured or their attorneys" in a particular case. Request 21 asks for "All document and records of State Farm, including emails, memos, notes and formal or informal directives regarding State Farm's consideration of the pursuit of punitive damages by State Farm, the insured or their attorneys in the case of *Enright vs. Retouch et al* (Claim No. 16-16C1884)." Defendant argues relevancy for all these documents, apparently assuming that the relationships between Plaintiffs and other law firms and how they were rated somehow relate to the rights and duties of the parties in this case. But it has

provided nothing persuasive to show relevancy. The Court otherwise finds the requests irrelevant.

The motion to compel also asks the Court to compel Plaintiffs to respond to the following requests for admissions: Numbers 5, 8 through 13 and 15, 16 and 17. The Court finds the motion moot as to Number 5. It asks Plaintiffs to admit that "the Agreement is governed by the laws of the State of Illinois." Plaintiffs state they are serving an amended response to it.

The Court sustains the motion as to Requests for Admissions 8 through 12. Requests 8 through 11 are similar to each other. Number 8 asks as follows:

> "8. Admit that under Missouri Law, absent a complete assignment of the claim, the State Farm insured is the real party in interest and owns legal title to the subrogation claim."

Request 9 is like Number 8, except that it instead refers to Kansas law. Request 10 furthers asks as follows:

> "10. Admit that under Missouri Law, absent a complete assignment of the claim, State Farm as the insurer does not hold full legal title to the claim and may not assert tort claims against the tortfeasor in its own name."

Request 11 is like Number 10, except that it instead refers to Kansas law.

Plaintiffs asserted the same objection to Requests 8 through 11: "Plaintiff objects to this request because it calls for admission of a conclusion of law." A very strict reading of the requests might support that conclusion. But the Court concludes that, in the context of this case, it will more appropriately regard them as asking for an application of law to the facts as to who owns the subrogation claims of Plaintiffs State Farm respectively under the laws of Missouri and Kansas. Although Requests 10 and 11 do not specifically include the word "subrogation," the Court infers their intent to refer only to subrogation claims and so regards them. With that

understanding, the Court overrules the objections and directs Plaintiffs to respond to Request for Admissions 8 through 11.

Request 12 asks Plaintiffs to "Admit that absent a complete assignment of the claim, the insured, not the insurer, owns legal title to claims of punitive damages and the insured may assert claims of punitive damages in their lawsuit without influence, direction or consent from the insurer." Plaintiffs did not oppose this request in their response to the motion. Accordingly, the Court grants the motion for them to respond to it.

The Court denies the motion with regard to Request for Admissions 13. It asks Plaintiff to "Admit that the Agreement was drafted by State Farm and all terms were imposed upon the law firms and the terms were non-negotiable." Plaintiffs responded that, "Without waiver of the objections, State Farm admits it drafted the terms and presented them to defendant and that defendant accepted all the terms of the Agreement. Otherwise denied." ECF 61-3 at p. 4. The Court finds this response to be adequate. Accordingly, it denies the motion as to Request 13.

Request for admissions 15 asks Plaintiff to "Admit that the law firm of Wallace and Saunders received a contingency fee of $60,000 on the settlement of the Schneider claim (State Farm Claim No. 16-R559-795)." Plaintiff objected on grounds of confidentiality and irrelevancy. It otherwise admitted it had assigned the claim to other attorneys for handling and otherwise denied the request. The Court finds the response adequate. It denies the motion to require further response.

The Court finds two requests, each numbered 16, for admissions. The first one asks Plaintiff to "Admit that State Farm received an independent recommendation by the law firm of Cozen & O'Connor that State Farm abandon and not pursue subrogation recovery on the Willowbrooke Claims (Claim Nos. 16-R57-7217 and 16R57-9344)." Plaintiff objected on

grounds the request "invades plaintiff's attorney-client privilege." The Court sustains the objection. It will not require a further response.

The second request for admissions numbered 16 and 17 include two similar requests: Number 16 asks Plaintiffs to "Admit that the law firm of Wallace Saunders is receiving an attorneys' fee for the handling of all subrogation cases reassigned from GSF to Wallace Saunders." Request 17 asks Plaintiffs to "Admit that the law firm of Wallace Saunders is being paid hourly for the handling of all subrogation cases reassigned from GSF to Wallace Saunders." Plaintiffs objected to both requests on grounds of irrelevancy and invasion of attorney-client privileges between State Farm and Wallace Saunders. The Court overrules the objections. For discovery purposes the requests have relevancy to the counterclaims of Defendant. Plaintiffs have not substantiated that these requests invade any privilege  Accordingly, Plaintiffs shall respond to them.

## II. Plaintiffs' Motion to Strike Defendant's Reply Brief in Support of Defendant's Motion to Compel Discovery Responses and Plaintiffs' Supporting Suggestions (ECF 99).

After Plaintiffs responded to the motion to compel, Defendant filed its reply brief (ECF 93). It adds 26 pages of argument to its original memorandum (ECF 61), which consisted of five pages. Plaintiffs have filed Plaintiffs' Motion to Strike Defendant's Reply Brief in Support of Defendant's Motion to Compel Discovery Responses and Plaintiffs' Supporting Suggestions (ECF 99). The motion to strike faults the reply brief of Defendant for raising new arguments that should have been asserted in its initial memorandum. The motion further assert that, consequently, Defendant has failed to comply with D. Kan. Rules 7.1 and 7.6. The rules state

the procedure for filing motions and related memoranda and briefs in civil cases.  Defendant has filed a response in opposition to the motion to strike.

For the following reasons the Court finds no need to strike the reply brief of Defendant.  It will instead disregard it as adding nothing of consequence to the five pages of initial memorandum.  Plaintiffs raise a valid point for consideration, however, about motion practice and compliance with District of Kansas Rules.  Plaintiff appropriately cites four decisions of this Court for the following proposition: "It is well established that a party is not entitled to raise new arguments in a reply brief."

Responding to the instant motion, Defendant suggests that its reply memorandum added no new arguments and instead simply responded to the responsive memorandum of Plaintiffs.  It further teaches that its original arguments were contained in the letters and emails it had sent to opposing counsel to comply with the duty to  confer, required by the rules as a preliminary step before filing a motion to compel discovery.  Defendant would thus excuse itself from more formal compliance with the rules of briefing by its suggestion that "Plaintiffs acknowledge that Defendant attached 29 pages of correspondence between counsel but refused to acknowledge that the disclosures put them on notice of the alleged deficiencies in their discovery responses."  ECF 104 at 2.  The 29 pages of correspondence, of course, purport to show compliance with the rules to confer with opposing counsel in an effort to resolve the dispute, before filing a discovery motion.  And, as part of the motion process, the rules also require that counsel certify that such conferring has occurred.

Compliance with the rules is a welcome phenomenon, of course, as attorneys are well aware.  But the Court will also welcome some awareness that, in addition to opposing counsel, the briefing should anticipate that other people, e.g. the Court, will read it.  Although the rules

require a written certification that counsel have indeed conferred, the Court knows of no requirement or expectation, unless there be a specific need for it, to attach to memoranda pages and pages of correspondence and emails to prove their alleged diligence (to say nothing of substituting such attachments for written arguments in their memoranda). The folly of such a procedure surely must be apparent from a simple recognition that much or at least some of the contents of the correspondence may have become moot–hopefully and properly so--by resolution of at least some part of the dispute. But if that has not happened, does counsel really want the Court to rummage through the contents of their pre-motion correspondence–in this instance, twelve single-spaced letters and emails, a total of 29 pages? All appended to their five pages of briefing, with no explanation as to how their arguments are organized, if at all, to fit the motion? The Court finds no inclination to support this creative practice. And it will expect defense counsel to refrain from any repetition of it.

The Court has reviewed the reply memorandum of Defendant. It finds nothing in it to change or affect its ruling on the motion to compel. The Court will deny the motion to strike. It will grant the alternative motion by Plaintiffs not to consider the arguments made in the reply.

## III. Summary.

To summarize: The Court grants in part and denies in part Defendant's Motion to Compel Discovery Responses (ECF 60), as herein set forth. Within twenty days of the date of this order Plaintiffs shall serve supplementary responses to Defendant's First Interrogatories, Defendant's First Request for Production of Documents, and Defendant's First Request for Admissions, all as herein directed. The Court denies Plaintiffs' Motion to Strike Defendant's Reply Brief in Support of Defendant's Motion to Compel Discovery Responses (ECF 99). The Court instead

grants the alternative request of the motion to strike and, therefore, declines to consider the arguments made in defendant's reply.

**IT IS SO ORDERED.**

**Dated this 4th day of August, 2015.**

<u>S/Gerald L. Rushfelt</u>
**Gerald L. Rushfelt**
**U. S. Magistrate Judge**