## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STATE FARM FIRE AND CASUALTY    )
COMPANY,    )
    )
and    )
    )
STATE FARM MUTUAL AUTOMOBILE    )
INSURANCE COMPANY,    )
    )
    **Plaintiffs,**    )
    )  **CASE NO. 2:14-cv-02392-EFM-GLR**
**v.**    )
    )
**GATES, SHIELDS & FERGUSON, P.A.,**    )
    )
    **Defendant.**    )

## MEMORANDUM AND ORDER

The Court considers two motions: Plaintiffs' Motion and Suggestions to Quash Notices of Deposition of Plaintiffs, Daphine Willingham and Jill Early (ECF 114); and Defendant's Motion to Quash Deposition of Mark Barrett, or in the Alternative, for Protective Order (ECF 118). For the following reasons the Court grants both motions in part and denies them in part.

### I.    Plaintiffs' Motion and Suggestions to Quash Notices of Deposition of Plaintiffs, Daphine Willingham and Jill Early. (ECF 114)

The motion by Plaintiffs seeks to quash the proposed depositions of two of their employees and, as provided by Fed. R. Civ. P. 30(b)(6), one or more witnesses to testify to 40 specified subjects. Defendant served the notices upon opposing counsel on June 23, 2015. They set all three depositions to proceed at the offices of the attorney for Plaintiffs in Kansas City, Missouri, on July 30, 2015, the deadline to complete discovery. The defense attorney also informed opposing counsel that his intent was not to proceed with the depositions on July 30, but

1

instead proposed to negotiate for a later date acceptable to all parties.  The motion is moot, of course, as to the designated date of June 30.

Notwithstanding any technical compliance with the deadline for discovery, Plaintiffs argue untimeliness for the proposed depositions, particularly because the deponents are all elsewhere than in Kansas City.  Plaintiffs also raise objections to the proposed subject matter for the deposition under Rule 30(b)(6).  The notice identifies 40 subjects upon which the witness(es) should be prepared to testify.

The notices are timely.  Yet they designate all three depositions to proceed seven days later, on the last day for discovery.  Defendant invited opposing counsel to discuss the possibility of a later date and more convenient locations.

The Court grants the motion in part.  Defendant may proceed with the three depositions either at the offices of counsel for Plaintiffs in Kansas City, Missouri, as the notices designate, or at such other location(s) to which the parties and witnesses may agree.

Plaintiffs have objected on various grounds to all of the 40 subjects identified for their deposition (ECF 114-8). The briefing of the parties addresses those objections.  The Court sustains some of them.  It thus rules as follows:

The Court overrules the objections to the following topics: 4; 6; 10; 11; 12; 13; 14; 19; 21 through 28; and 30 through 40.  The Court agrees that some responsive information, such as that requested by Item 14, may be confidential.  If so, it may be so designated and subject to the protective order previously entered.

Item 19 refers to "Meetings of State Farm personnel concerning GSF's handling of subrogation matters after March 12, 2013."  Plaintiffs objected that this topic invades the attorney-client privilege, the protection for attorney mental impressions and the protection for

work product.   Such privilege and protection may indeed apply to some of the requested information, but not necessarily all of it.   To provide a knowledgeable witness does not waive an appropriate objection against disclosing privileged or protected information at the deposition.

Items 31, 32, and 33 are similar:  "31.  State Farm's prior enforcement of paragraph 23.b. of the Master Fee Agreement."   Items 32 and 33 are similar, simply substituting respectively paragraphs 23.g. and 24 of the agreement. The Court reads these more strictly than suggested by the objections.   The discovery is restricted to any prior enforcement of the agreement between Plaintiffs and Defendant.   It does not require responses relative to any agreement with a law firm other than Defendant.

For the following reasons the Court sustains objections to the remaining topics: Items 1, 2, 3, 5, 7, 8, 9, 15, 20, and 29 are irrelevant.   Item 9 is also vague in requesting information that "tends to show" disregard or selective enforcement of the designated agreement.   Item 16 is "vague and overly broad" in asking about documents that "relate to" a subrogation matter, as further specified.   Items 17 and 18 are similarly "vague and overly broad" in asking about items "concerning" the agreement between the parties and meetings of State Farm personnel "concerning GSF's handling of subrogation matters."

## II.     Defendant's Motion to Quash Deposition Notice of Mark Barrett, or in the Alternative, for Protective Order (ECF 118).

Defendant invokes Fed. R. Civ. P. 26(c)(1)(A) and (B), and (d) and D. Kan. Rule 26.2 to quash a notice for the deposition of its designated expert witness Mark Barrett.  In the alternative it requests a protective order to defer it until after the depositions of Plaintiffs, pursuant to Rule 30(b)(6), and of Jill Earley and Daphene Willingham.

Plaintiffs issued a notice for the deposition of Mr. Barrett to proceed on June 30, 2015, at that time the last day for completion of discovery in this case. Defendant served and filed the instant motion on June 29, 2015. On that date there was pending a Motion to Strike Defendant's Expert and Expert Report. (ECF 63 and 64) The Court has denied that motion, albeit without prejudice to any similar motion, e.g. a motion in limine as to the admissibility of the proposed expert opinion(s).

The Court finds the instant motion moot to the extent the date for the proposed deposition has passed. It will otherwise deny the motion to quash. But it will grant the alternative motion for a protective order to defer the deposition of Mark Barrett, until the depositions of Plaintiffs and Jill Earley and Daphene Willingham have concluded, provided they proceed without unnecessary delay.

### III.  Conclusion.

For the reasons already stated, the Court grants in part and denies in part Plaintiffs' Motion and Suggestions to Quash Notices of Deposition of Plaintiffs, Daphine Willingham and Jill Early (ECF 114). Defendant may proceed with these depositions on any date(s) to which all parties agree. They may proceed either at the offices of counsel for Plaintiffs in Kansas City, Missouri, or at such other places to which the parties and the witnesses may agree. The Court will not require either Jill Earley or Daphene Willingham over her objection to appear in a district other than where she may be served with a subpoena.

The Court also grants in part and denies in part Defendant's Motion to Quash Deposition Notice of Mark Barrett, or in the Alternative, for Protective Order (ECF 118). It denies the motion to quash as moot. It grants the alternative motion for a protective order. Plaintiffs may depose Mark Barrett. But they may proceed with it only after their own deposition(s) and those

4

of Jill Early and Daphene Willingham have concluded, or otherwise after September 30, 2015, whichever is earlier.

**IT IS SO ORDERED**.

Dated this 21st day of August, 2015.


S/Gerald L. Rushfelt
Gerald L. Rushfelt
U. S. Magistrate Judge

5