IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY, et al.,**<br><br>　　　**Plaintiffs,**<br><br>　　　v.<br><br>**GATES, SHIELDS & FERGUSON PA,**<br><br>　　　**Defendant.** | Case No. 14-2392-EFM-GLR |

## MEMORANDUM AND ORDER

The Court considers two motions:  State Farm's Motion for Order Compelling Deposition Responses (ECF 128); and Defendant's Cross Motion for Protective Order.  (ECF 135)  The initial motion would require Mark Ferguson, Eldon Shields and Court Kennedy to answer questions directed to them as persons designated to testify on behalf of Defendant, as required by Fed. R. Civ. P. 30(b)(6).  The cross-motion asks for a protective order to prevent further discovery regarding the case of ***Schneider v. CLAAS of America, Inc.*** No. 12-2235 in this court.  It also would protect Defendant against further discovery about Attorney Ferguson and the disciplinary proceedings against him, arising out of his representation of the Plaintiff in that case. It would also protect Attorney Ferguson against further testimony.  For the following reasons the Court grants in part and denies in part both motions.

In this case the plaintiff insurance companies seek a declaratory judgment to determine that they have legitimately terminated their written contract with the defendant law firm for its legal services.  They allege they have complied with its terms for termination and have fulfilled their contractual duties to pay Defendant for services in pursuing their subrogation claims in Kansas and Missouri.

Defendant denies the alleged right of Plaintiffs to a declaratory judgment. It also asserts a counterclaim for declaratory judgment to declare that Plaintiffs owe it attorneys fees for pursuing their subrogation claims, whether through litigation or in settlement.

The motion to compel involves the depositions of the three deponents, who are members of the defendant law firm, Gates, Shields & Ferguson, P.A. In depositions Plaintiffs questioned them about the performance of the firm in pursuing the subrogation claims. The interrogation included questions about *Schneider v. CLAAS of America, Inc.*, No. 12-2235 in this court. Mr. Ferguson represented the interests of Plaintiffs in that case. In doing so, he became the subject of disciplinary proceedings before the Kansas Disciplinary Administrator. Those proceedings resulted in a diversion program for his continued practice of law in Kansas. In its reply memorandum (ECF 156) Defendant asserts that the disciplinary proceedings for Mr. Ferguson have concluded:

> ". . . Since the cross-motion was filed, the undersigned legal counsel has successfully completed the specific terms and conditions of the Diversion Agreement. A 'Notice of Dismissal' was filed by the Deputy Disciplinary Administrator. The disciplinary case against Mark A. Ferguson was dismissed on August 27, 2015. As a result, and according to Kansas Supreme Court Rules, the undersigned is able to state that the disciplinary complaint was dismissed." (ECF 156 at 4, 5.)

In these three depositions Plaintiffs included questions about the *Schneider* case and about the conduct of Mr. Ferguson and the defendant law firm in handling it. The deponents answered some questions. They refused to answer others, sometimes upon the advice of one of them, serving as attorney for the other(s).

Defendant opposes the discovery on several grounds. It generally contends that questions about the *Schneider* case and the representation provided by Mr. Ferguson and the defendant law firm are irrelevant. In the alternative it argues that any relevance would be only

marginal and outweighed by the negative effect such discovery would have on Defendant. It further opposes the requested discovery by claiming it to be work product and subject to attorney-client privilege. And it invokes our earlier ruling, which denied a request for Defendant to produce documents from the proceedings before the Disciplinary Administrator. Defendant would extend that ruling against any discovery addressing its handling of the *Schneider* case.

In answer to the complaint, Defendant asserts that Plaintiffs had no right to terminate their contract. It describes the contract, written and required by State Farm, as unconscionable and unenforceable. Paragraph 5 of its "Affirmative Defenses" states, "The claims alleged by Plaintiffs' are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, unclean hands and/or laches." Answer (ECF 7 at p. 6.) In its First Amended Counterclaims (ECF 75) Defendant further alleges that State Farms' stated reason for terminating their contract ". . . was a pretext for the true reasons for termination." (Id.) The pleading then itemizes the "true reasons" to include *inter alia* the "self-interest, profit, and greed" of Plaintiffs. (Id.) Paragraph 31. b. asserts that "The records do not support that any legitimate client service concerns existed." (Id.)

Defendant has asserted a counterclaim for money damages. It seeks to recover attorneys fees for handling subrogation claims that were part of its inventory when Plaintiffs terminated thr contract. Its First Amended Counterclaims (ECF 75) also assert claims for alleged breach of contract, promissory estoppel, and unjust enrichment. In his deposition Mr. Ferguson testified that Defendant is no longer requesting a fee for the *Schneider* case. But he also presented a summary of damages Defendant is claiming. ECF 128-1, Exhibit 1. The summary includes the following: "GSF is entitled to lost profits of at least $210,000 per year for four years." Plaintiffs contend that such damages could be available only upon finding that the attorney-client

relationship of the parties would continue in spite of its termination by Plaintiff.  It assumes that Defendant would be entitled to represent Plaintiffs for four more years and thereby earn the additional fees it claims as damages.  And that in turn assumes that the attorney-client relationship between Plaintiff and Defendant would either continue without termination or otherwise re-open.

The relationship between attorney and client, of course, is fiduciary.  It assumes that the client can trust and rely upon the ability and good faith of the attorney to professionally and ethically represent its legal interests.  It assumes that the attorney engaged in litigation will comply with the orders and directions of the Court.  It requires that the attorney will be truthful with the Court and with the client(s).  If the attorney violates any of those requirements, the client has legitimate reason to question and doubt the representation and indeed may have good cause to terminate it.  A contract to provide legal services contemplates and carries with it the implication that the contracting attorney will thus fulfill his professional and ethical responsibilities both to client and to the court.  His failure to do so indeed may justify the action of the client to terminate their contract for his legal services.

Plaintiffs in this case had a right to expect that the services of Mr. Ferguson and his Defendant law firm would comply with these ethical and professional requirements.  Their contract indeed affirmed those requirements as a condition for its continued performance by the Defendant law firm and its attorneys.  Its Conditions of Representation provides as follows:

> "5.     COMPLIANCE WITH APPLICABLE LAWS.  A.  Law Firm expressly warrants to State Farm that it has the ability and expertise to perform its responsibilities hereunder, and in doing so, agrees to meet acceptable professional standards. . . .
>                           . . .
> "6.     PROFESSIONALISM AND DIVERSITY.  A.  Law Firm agrees to handle all accounts in a diplomatic, professional, ethical and dignified manner.  State Farm

>believes in the need to maintain high standards of civility in all litigation. . . ."
>(ECF 1-2, Page 2)

Given these facts the Court has no difficulty in finding that discovery about the handling of the *Schneider* case is relevant. Whether or not it is relevant to the claim of Plaintiffs, Defendant has indeed created relevancy by its own pleadings. Its counterclaim raises issues beyond those raised by the complaint, which more simply seeks a construction and interpretation of their contract.

The Court cannot find that discovery about the *Schneider* can be ignored, moreover, either because of the successful completion of diversion procedures or because Mr. Ferguson and his firm understandably would prefer placing the matter to rest. His conduct remains the subject of public disclosure which this Court properly addressed in *Schneider*. We can indeed trust and anticipate that any offensive conduct will not be repeated. But the Court cannot ignore what is history, its relevancy to this law suit, or the fact that such relevancy must trump the discomfort of Defendant and its counsel.

Relevancy aside, Defendant argues that the information in question is protected as work product and the attorney-client privilege. The Court has reviewed all the questions that are the subject of the motion to compel. It finds nothing to support the claims of work product and privilege. It overrules those objections.

The Court, therefore, grants the motion to compel in part and denies it in part. Plaintiffs may reconvene the deposition(s) of Messrs. Ferguson, Shields and Kennedy to answer, except as follows, all questions for which the motion to compel (ECF 128 at pages 7, 8, and 9), requests answers. The Court declines to order further responses to several questions, because it finds the text of the motion and its exhibits incomplete and insufficient or not sufficiently clear to justify such ruling. The deponents need not answer, therefore, the questions identified in the motion

(ECF 128) and its exhibits as follows: Exhibit 2 (deposition of Mark Ferguson): page 196, line 21, through page 197, line 1; Exhibit 3 (deposition of Eldon Shields): page 68, line 23, through page 69, line 3; page 93, lines 4, 5; Exhibit 4 (deposition of Court Kennedy): page 38, lines 11-14.  The Court also will not require answers, at least at this point, by Messrs. Ferguson and Shields, relating to the disciplinary proceedings and identified on page 8 under Section 2 of the motion.

Consistent with its ruling on the motion to compel and for the foregoing reasons, the Court grants in part and denies in part Defendant's Cross Motion for Protective Order (ECF 135).  The Court will grant the motion for protection against testimony regarding disciplinary proceedings.  By previous order it denied the request by Plaintiffs for production of documents from the disciplinary proceedings relating to Mr. Ferguson.  The Court finds no reason to depart from its earlier ruling in that regard.  It finds that other discovery procedures should be adequate for the needs of this case and that the disciplinary proceedings should be treated as confidential, absent any persuasive showing to the contrary.  The Court otherwise denies the cross motion for protective order.

**IT IS THEREFORE BY THE COURT ORDERED**, that State Farm's Motion for Order Compelling Deposition Responses and Supporting Suggestions (ECF 128) should be and is hereby granted in part and overruled in part, as herein set forth.  Plaintiffs may reconvene the deposition(s) of Mark Ferguson, Eldon Shields, and Court Kennedy to complete their testimonies, as herein set forth.  The Court grants in part and denies in part Defendant's Cross Motion for Protective Order (ECF 135), as herein set forth.

DATED September 25, 2015.

S/Gerald L. Rushfelt
GERALD L. RUSHFELT

U.S. MAGISTRATE JUDGE