IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY, et al.,**<br><br>    **Plaintiffs,**<br><br>    v.<br><br>**GATES, SHIELDS & FERGUSON, P.A.,**<br><br>    **Defendant.** | Case No. 14-2392-EFM-GLR |

## MEMORANDUM AND ORDER

The Court addresses Defendant's Motion to Compel Discovery Responses (ECF 140). The motion invokes Fed. R. Civ. P. 26(b), 30(c)(2), 30(d)(3), and 37 for an order to compel deposition responses of Plaintiffs' witness John Fuchs.[1] Defendant's primary objection is that Mr. Fuchs refused to answer some questions and that Plaintiffs' counsel instructed Mr. Fuchs not to answer other questions, even though Plaintiffs' objections were not based upon privilege. Additionally, Defendant objects to what it considers evasive responses from Mr. Fuchs, and Plaintiffs' termination of the deposition after four hours. Plaintiffs oppose the motion and move for a protective order (ECF 145). For the following reasons, the Court denies both motions.

Defendant argues that, under Fed. R. Civ. P. 30(c)(2), a person may instruct a deponent not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Otherwise, the testimony is taken subject to

---

[1] Though Plaintiffs have not argued timeliness, the Court believes Defendant's motion is possibly untimely. Under D. Kan. Rule 37.1, Defendant had thirty days in which to file its motion to compel with respect to the deposition. Defendant believes it has thirty days from the time the deposition is finalized, pursuant to Fed. R. Civ. P. 30(e). Defendant took the deposition of Mr. Fuchs on June 18, 2015, and the errata sheet was completed on July 20, 2015. Defendant then filed the instant motion on August 19, 2015, which is more than thirty days after the objections were raised in the deposition. The errata sheet outlined twelve changes—none of which is at issue in the instant motion. Moreover, Defendant made no objections during the deposition as to Mr. Fuchs' alleged evasiveness. Thus, Mr. Fuchs could not have remedied any of those objections on the errata sheet even if he wanted to do so. For these reasons, the Court believes the motion is untimely.

the objection. Plaintiffs concede that Mr. Fuchs, by his own choice, refused to answer some of the questions. And Plaintiffs' counsel does not deny that he instructed Mr. Fuchs not to answer some of the questions, even though Plaintiffs' objection was not based on privilege. Plaintiffs do contend additional testimony on these subjects is irrelevant to the case, and they move for a protective order accordingly.

Defendant is procedurally correct: Mr. Fuchs should have answered the question in the deposition, as his testimony would be taken subject to any objection. However, the Court believes the testimony sought is either (1) irrelevant to the claims of the case or (2) is in an area for which the Court has declined to permit discovery. Furthermore, discovery is closed and Defendant's motion for summary judgment has already been filed.

Defendant claims Mr. Fuchs refused to answer questions related to (1) medications he is currently taking; (2) his compensation package—specifically his salary—at the time Plaintiffs terminated the agreement with Defendant; (3) the number and identity of other law firms that were added to or removed from the Legal Services Program II ("LSP2") in Kansas and Missouri between 2009 and June 18, 2015; (4) when the law firm of Wallace Saunders was added to the LSP2 Agreement; and (5) whether the LSP2 Agreement with Defendant was terminated "for cause." Similarly, Defendant claims Mr. Fuchs evasively or inadequately answered questions related to (1) analyzing the LSP2 Agreement under various factual scenarios including the facts of this case; and (2) applying the $25,000 liability limitation provision in the LSP2 Agreement.[2]

Mr. Fuchs' current prescription medications are not relevant to any party's claims or defenses in this case.[3] Similarly, Mr. Fuchs' salary at the time the LSP2 Agreement was

---

[2] The Court treats evasive or incomplete responses as a failure to respond pursuant to Fed. R. Civ. P. 30(a)(4).

[3] Defendant ultimately got the information it was seeking through its follow up question: "Do you have any physical or mental impairment that would prevent you from recalling events and providing truthful and accurate

terminated with respect to Defendant is not relevant to a party's claims or defenses. For these reasons, and because Mr. Fuchs is not a party to this case nor a Rule 30(b)(6) witness, the Court does not believe additional testimony on that point is relevant to a party's claim(s).

As for the number and identity of law firms added to or removed from the LSP2 Agreement, the Court finds further testimony on this point is not relevant to any party's claims or defenses. In the deposition, Plaintiffs' counsel objected on the grounds of privilege and relevancy; here, Plaintiffs argue Defendant has not established relevance and points to this Court's previous Order (ECF 132). In that Order, the Court stated:

> The Court overrules the motion with regard to Interrogatories 6, 7, 8, 9, 20, 21, 22 and 23. Plaintiffs have objected to all of them on grounds of irrelevancy. They seek information about contracts, agreements, relationships with law firms and Legal Services Programs, terminations of contractual relationships, and payments of attorneys fees between Plaintiffs and attorneys other than defendants. Plaintiffs have objected to these interrogatories on grounds of irrelevancy, i.e. that they are not reasonably calculated to lead to the discovery of admissible evidence, as provided by Fed. R. Civ. P. 26.
> . . .
> As already noted, the Court sustains the objection of irrelevancy as to the other requests for production to which Plaintiffs have objected. Request 7 asks for documents concerning how Plaintiffs select their legal counsel in Kansas and Missouri. Request 8 asks for internal notes and documents relating to State Farm "Subrogation Inventory" being handled by GSF on January 8, 2014. Request 10 asks for a list of all State Farm approved legal counsel and law firms. Request 11 asks for a list of "all State Farm approved legal counsel and all Legal Services Program Law Firms who have ever been terminated."
> . . .
> Defendant argues relevancy for all these documents, apparently assuming that the relationships between Plaintiffs and other law firms and how they were rated somehow relate to the rights and duties of the parties in this case. But it has provided nothing

---

testimony today?" Mr. Fuchs responded "I don't have any limitations that would prevent me from testifying in this case." (ECF 140-1 at 4.)

>persuasive to show relevancy. The Court otherwise finds the requests irrelevant.

(ECF 132 at 3, 5–6.) Defendant is correct: the Court's previous Order, which applied to written discovery requests, did not *automatically* apply to the same topic(s) asked in a later, oral deposition. However, Defendant has still not demonstrated the relevance of other law firms' contracts with Plaintiffs.[4] The Court will not compel Mr. Fuchs to provide more testimony on this subject. For the same reasons, the Court will not compel an answer as to when Wallace Saunders was added to the LSP2 Agreement.

Defendant argues Mr. Fuchs refused to answer whether or not Plaintiffs terminated the LSP2 Agreement with Defendant "for cause." The Court believes Mr. Fuchs answered the questions he was asked. (ECF 140-1 at 32–33.) The fact that Defendant did not get the answer it was seeking does not mean Mr. Fuchs refused to answer the question.[5]

Defendant believes Mr. Fuchs evasively or inadequately answered multiple questions aimed at applying the LSP2 Agreement to various factual scenarios, including this case (*See* ECF 140-1 at 34–47). While Plaintiffs' counsel objected at various points during the various hypothetical factual scenarios (for legal conclusion or interpretation), at no point did Plaintiffs' counsel instruct Mr. Fuchs not to answer. Indeed, Mr. Fuchs continued his answers after the objections. Only one exchange remotely appears evasive or contentious, and it occurs after Mr. Fuchs already answered at least three hypothetical scenarios. The relevant part is as follows:

>Q. [at least the third long scenario given] . . . Would the law firm be entitled to recovery of any fee under that scenario as applied – as 23 G is applied to that scenario?

---

[4] More recently, with respect to another motion to compel, the Court again found Defendant had not established relevancy on this topic. (ECF 195 at 9.)

[5] To the extent Defendant argues Mr. Fuchs' answer was evasive—which a strict reading of Defendant's memorandum does not support, the result would be the same.

4

> A. I'm going to go back and say that I'm not going to answer
> anymore scenario questions. I don't think there is enough – I see
> where you're going with it, and I'm going to refer back to what the
> contract says and it – it's very clear as to the point at which the law
> firm will or will not receive a fee.
> Q. Would you agree with me that under the last scenario the law
> firm would not receive a fee for further funds?
> A. I can't answer that question.
> Q. You can't apply the language of this agreement to that scenario?
> A. I can't.
> Q. You can't or you won't?
> A. I can't.
> Q. Okay.
> A. I can't apply this situation. And again, it sounds – I'm always
> going to refer back to what the agreement is. So it's very plain.

(*Id.* at 38–39.) Prior to that exchange, Mr. Fuchs answered each scenario. The fact that he did not provide the answer(s) Defendant sought does not mean Mr. Fuchs was hindering the deposition or was giving evasive or incomplete answers.[6] Mr. Fuchs answered almost every scenario he was asked. Each time, Mr. Fuchs stated that he would refer back to the agreement. He also stated that it was his personal interpretation of each provision or clause. Indeed, Mr. Fuchs was deposed in his individual capacity and not as a Rule 30(b)(6) witness.[7] The Court will not compel him to provide more testimony on this subject.

Defendant argues Mr. Fuchs evaded answering questions related to the LSP2 Agreement's $25,000 liability limitation provision. The Court disagrees. First, Plaintiffs' counsel did not instruct Mr. Fuchs not to answer. Mr. Fuchs proceeded to answer most, if not all, of the questions asked of him. Second, Mr. Fuchs answered the question to the best of his understanding and knowledge. He stated that he was aware of the provision in the agreement,

---

[6] The Court notes that Defendant's counsel did not object at the deposition to answers being evasive or incomplete, as required by Fed. R. Civ. P. 30(c)(2).

[7] Defendant does not deny this fact. Defendant does provide its perspective with respect to the circumstances surrounding Mr. Fuchs' deposition vis-à-vis the case in general. To the extent Defendant is requesting the Court *retroactively* deem Mr. Fuchs a Rule 30(b)(6) deponent, the Court declines to do so and will not order additional testimony on that basis.

but that he was not aware of ever applying it in any matter.  (*Id.* at 46, lns. 6–9.)  He responded that he could not answer one question because "I don't know how this particular part of the contract would apply in this scenario that you gave, if at all."  (*Id.* at 46, lns. 19–22).  Upon further questioning he stated that "I'm not sure if it would or would not apply or if it has applied to the termination of the Gates Shields & Ferguson firm."  (*Id.* at 47, lns. 17–19.)  Again, the fact that Defendant did not get the answers it desired does not mean Mr. Fuchs evaded Defendant's question.  The Court declines to order additional testimony on this subject.

Finally, Defendant argues Plaintiffs' counsel improperly and prematurely terminated the deposition shortly after the four-hour mark.  Plaintiffs point out that the Court's scheduling order (ECF 18) limits depositions to four hours, unless the deponent is a party or a Rule 30(b)(6) witness.  Mr. Fuchs is neither a party nor a Rule 30(b)(6) witness.  Defendant does not dispute those facts, merely arguing it simply needed more time to depose Mr. Fuchs.  The Court finds Plaintiffs did not improperly or prematurely terminate the deposition.  From the record provided by the parties, the Court finds nothing to support any need for additional deposition testimony of Mr. Fuchs.  For all of these reasons it denies Defendant's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Compel Discovery Responses (ECF 140) is denied.  Likewise, Plaintiff's cross-motion for protective order (ECF 145) is denied.

Dated January 5, 2016, at Kansas City, Kansas.

> *s/Gerald L. Rushfelt*
> Gerald L. Rushfelt
> U.S. Magistrate Judge